Kara L. Jassy, Bar No. 198846
kjassy@littler.com
LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

Dominique N. Thomas, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELLEN OWUOR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL ON BASIS OF DIVERSITY JURISDICTION**<br><br>Complaint Filed: October 25, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO PLAINTIFF HELLEN OWUOR AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WAL-MART ASSOCIATES, INC. ("Defendant") hereby effects removal of the above-titled action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332(a), based on complete diversity of citizenship and, specifically, on the following grounds:

**I.   JURISDICTION**

1.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different states and the amount in controversy exceeds $75,000 (exclusive of interest and costs).  *See* 28 U.S.C § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.").

**II.   VENUE**

2.   This action was originally filed in California Superior Court, County of Sacramento and arises from alleged conduct that occurred within the Eastern District of California.  Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1391(a) because a substantial part of the acts alleged in the Complaint are alleged to have occurred within the Eastern District of California.

**III.   PLEADINGS, PROCESS AND ORDERS**

3.   This action arises out of Plaintiff HELLEN OWUOR'S ("Plaintiff") alleged employment with Defendant in the Eastern District of California.

4.   On October 25, 2021, Plaintiff filed a Complaint (the "Complaint") in the Superior Court of the State of California for the County of Sacramento, entitled *HELLEN OWUOR vs. WAL-MART ASSOCIATES, INC., a Delaware Corporation and DOES 1 through 10, inclusive,* (hereinafter, the "State Court Action").  The Complaint asserts eight (8) claims for relief against Defendant for: (1)

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1   DEFENDANT'S NOTICE OF REMOVAL

4860-8026-6756.2 / 080000-4224

gender and pregnancy discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate in violation of FEHA; (3) failure to engage in a good faith interactive process in violation of FEHA; (4) failure to provide break time and a compliant location to express breast milk; (5) retaliation in violation of FEHA; (6) retaliation in violation of the Labor Code; (7) failure to prevent discrimination and retaliation in violation of FEHA; and (8) wrongful demotion in violation of public policy. *See* Declaration of Kara L. Jassy In Support of Defendant's Notice of Removal ("Jassy Decl.") ¶ 2.

5. On November 3, 2021, Plaintiff served Defendant's Agent for Service of Process with the Complaint. *See* Jassy Decl. ¶ 3.

6. The following documents accompanied the Summons and Complaint: Civil Case Cover Sheet, Order re: Delay in Scheduling Initial Case Management Conference; and Alternative Dispute Resolution Information Package. *See* Jassy Decl. ¶ 2, Ex. A.  No other documents from the state court have been filed by Plaintiff except those included herein. Jassy Decl. ¶ 5.

7. On December 3, 2021, Defendant filed an Answer to Plaintiff's Complaint, generally denying Plaintiff's allegations and asserting various defenses. *See* Jassy Decl. ¶ 4, Ex. B.

8. The Complaint also names as defendants "DOES 1 through 10, inclusive." *See* Complaint ¶¶ 4-5.  However, Defendant is informed and believes and, on that basis alleges, that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously named defendants are not parties to this action and need not consent to removal.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a).

9. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in California Superior Court, County of Sacramento.  Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, and orders served upon Defendant or filed or received in this action by Defendant to date.

10. Pursuant to 28 U.S.C. 1446(b)(2)(A), all defendants who have been properly joined and served consent to the removal of the State Court Action.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2   DEFENDANT'S NOTICE OF REMOVAL

4860-8026-6756.2 / 080000-4224

## IV. NOTICE TO THE COURT AND PARTIES

11. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal from State Court to Federal Court shall be filed contemporaneously with the Clerk of the Court for the California Superior Court, County of Sacramento, and a copy will be served on Plaintiff's counsel of record. *See* Jassy Decl. ¶ 8.

## V. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANT

12. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship between the real parties to this action and the fact that the amount incontroversy exceeds $75,000. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. 28 U.S.C. § 1332(d).

### A. Plaintiff Is A Citizen Of California

13. At the time Plaintiff commenced this action and at the time of removal, Plaintiff was domiciled in, or a resident of, the State of California. *See* Complaint ¶ 2. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [the state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

14. Moreover, for diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at time lawsuit is filed). At the time this action was commenced, Plaintiff continued to reside in the County of Sacramento. *See* Complaint ¶ 1.

LITTLER MENDELSON P.C.
633 West 5th Floor
63rd Floor
Los Angeles, CA 90071
213.443.4300

4860-8026-6756.2 / 080000-4224

15. Accordingly, for removal purposes, Plaintiff is a citizen of California.

**B.    Defendant Is A Citizen Of Delaware and Arkansas**

16. A corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "nerve center" is located, or the place where the corporation's board and high level officers direct, control and coordinate its activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93, 96.

17. Defendant Wal-Mart Associates, Inc. is incorporated in the State of Delaware. Wal-Mart Associates, Inc.'s principal place of business, *i.e.*, the "nerve center" where it performs executive and administrative functions, is located in Arkansas. *Id.* Consequently, Wal-Mart Associates, Inc. is not a citizen of California; rather, it is a citizen of Delaware and Arkansas.

**C.    The Citizenship Of The Doe Defendants Is Disregarded For Diversity Purposes**

18. For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(a).

19. As indicated above, defendants Does 1 through 10 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

**D.    Complete Diversity Of Citizenship Exists**

20. Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Arkansas, complete diversity of citizenship exists here and this element of the Court's original jurisdiction is satisfied. *See* 28 U.S.C. § 1332(a).

**VI.    ACCORDING TO PLAINTIFF'S COMPLAINT, THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

21. This Court has jurisdiction over this case because the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4    DEFENDANT'S NOTICE OF REMOVAL

4860-8026-6756.2 / 080000-4224

22. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, it is readily apparently that Plaintiff's claims place into controversy an amount well in excess of $75,000.

23. Although the Complaint does not allege a specific amount in controversy, it can be ascertained based on Plaintiff's claims and allegations that the amount in controversy does, in fact, exceed $75,000, exclusive of interest and costs. Where a complaint is silent on the subject, a defendant may provide facts in the notice of removal demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2).

24. In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendant will actually owe if Plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

25. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554, 2014 WL 7010692 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.*

26. Further, as one district court held, "[u]nder this standard, 'the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5   DEFENDANT'S NOTICE OF REMOVAL

4860-8026-6756.2 / 080000-4224

for damages.'" *Cagle v. C & S Wholesale Grocers, Inc.*, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014) (citations omitted).

27. Plaintiff asserts eight (8) separate claims for relief in her Complaint and for those claims, Plaintiff seeks: (1) actual and liquidated damages; (2) punitive damages; (3) penalties; and (4) attorney's fees. *See* Complaint, Prayer for Relief. The total amount of damages Plaintiff seeks and the total amount implicated by these forms of relief clearly exceed the sum of $75,000, exclusive of interests and costs.

### A. Plaintiff's Claim For Lost Wages Damages Should Be Included In Calculating the Amount In Controversy

28. Plaintiff's Complaint alleges that, as a result of Defendant's alleged actions, she has "suffered and continued to suffer substantial losses in earnings, future earnings, bonuses, deferred compensation, and other employment benefits[.]" *See* Complaint ¶ 42.

29. If Plaintiff prevails on her demotion claim, she potentially could recover the amount she would have earned up through the date of trial had she not been demoted, including any benefits or pay increases, plus any future pay and benefits. *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2016); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970); Labor Code §§ 1105 and 98.6.

30. Plaintiff claims that after she was allegedly demoted (in March of 2020), she earned $4.00/hour less than in her previous position. *See* Complaint, ¶ 38. She also claims that she only worked 30-40 hours per week instead of 40 hours per week plus overtime. *Id*. If Plaintiff were to recover back wages from March 2020 until April 2023 – eighteen months from when Defendant was served – Plaintiff may be seeking a total of 3 years and one month of lost wages, or approximately $6,280 ($4/hr. x 10 hrs/week. x 157 wks.). In addition, Plaintiff claims that she was not provided with 80 hours of PTO in 2021. *See* Complaint, ¶¶ 39-40. The value of this PTO is $5,720 ($71.50/hr x 80 hrs). As such, Plaintiff's lost wage claim is for approximately **$12,000.**

///

///

///

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6    DEFENDANT'S NOTICE OF REMOVAL

4860-8026-6756.2 / 080000-4224

### B. Plaintiff's Claim For Emotional Distress Damages Places Over $75,000 In Controversy

31. In addition to economic damages, Plaintiff seeks to recover non-economic damages for her alleged severe emotional distress. *See* Complaint, ¶ 35. An award of damages for emotional distress alone can exceed the jurisdictional minimum. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (noting that an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

32. A defendant may use damage awards in other cases to establish the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1033. California cases demonstrate that awards for emotional distress damages in FEHA discrimination cases frequently exceed $75,000. *See Glenn-Davis v. City of Oakland*, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (awarding $400,000 in emotional distress in a failure-to-promote employment discrimination case); *Massey v. City of Long Beach*, JVR No. 1509220063, 2015 WL 5578119 (Cal. Super.) (Verdict and Settlement Summary) (awarding $520,119 for compensatory pain and suffering in a race discrimination case under FEHA); *Beasley v. East Coast Foods, Inc.*, JVR No. 1509250073, 2015 5678367 (Cal. Super.) (Verdict and Settlement Summary) (awarding $1,500,000 in compensatory pain and suffering in a race discrimination case under FEHA); *Creswell v. City of Montebello*, JVR No. 1508040066, 2015 WL 4179582 (Cal. Super.) (Verdict and Settlement Search) (awarding $750,000 for compensatory pain and suffering in a race discrimination case under FEHA); *Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding, "the cases still demonstrate that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence, as there was in the instant case, that the plaintiff suffered heightened mental anguish"). Accordingly, Plaintiff's claim for emotional distress damages alone places **over $75,000** in controversy.

///

///

///

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7   DEFENDANT'S NOTICE OF REMOVAL

4860-8026-6756.2 / 080000-4224

### C. Plaintiff's Claim For Attorneys' Fees Further Increases The Amount In Controversy

33. Plaintiff also seeks an award of reasonable attorneys' fees. *See* Complaint at Prayer for Relief.

34. It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding the amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail). Plaintiff may recover attorneys' fees on his causes of action under FEHA because the FEHA authorizes awards of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code § 12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award.

35. There is at least $75,000 in controversy for Plaintiff's attorneys' fees alone. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. See *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorneys' fees and costs of $891,042); *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less).

36. In *Tiffany v. O'Reilly Automotive Stores, Inc.*, 2013 WL 4894307 (E.D. Cal. Sept. 11, 2013), the Court denied the plaintiff's motion to remand her action for disability discrimination and related causes of action. The court reasoned that even though the plaintiff would only be entitled to $15,574 in back pay as of the date the action was removed, the Court stated: "More persuasive is the

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8   DEFENDANT'S NOTICE OF REMOVAL

4860-8026-6756.2 / 080000-4224

fact that, in this day and age, it is virtually inconceivable that a reasonably-compensated attorney could litigate a case for two years and through a ten-day trial for less than $27,280 in attorney fees . . . At $250 per hour, the jurisdictional amount would be reached in less than 110 hours." *Id*. at *4.

37.     Thus, although Defendant denies that Plaintiff is entitled to prevail, let alone recover attorney's fees, Plaintiff's demand for attorneys' fees further increases the amount in controversy to an amount, more likely than not, that **exceeds $75,000**.

### D.     Plaintiff's Claim For Punitive Damages Alone Places At Least $75,000 In Controversy

38.     In addition to economic and non-economic damages, penalties and attorneys' fees, Plaintiff also seeks to recover punitive damages. *See* Complaint, at Prayer for Relief.

39.     "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001). A defendant may use damage awards in other cases to establish the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1033. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc*., 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, 209 F. Supp. 2d at 1033. Indeed, punitive damage awards have equaled as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co*., 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id*. at 334; see also, *Simmons*, 209 F. Supp. 2d at 1033 (citing employment discrimination cases involving punitive damages awards). Accordingly, although Defendant disputes the validity of any claim for punitive damages, for purposes of removal, Plaintiff's claim for punitive damages alone places **at least $75,000** in controversy.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9    DEFENDANT'S NOTICE OF REMOVAL

4860-8026-6756.2 / 080000-4224

### E. In Sum, Because Plaintiff's Claims Clearly Place Far More Than $75,000 In Controversy, Defendant Has Established The Jurisdictional Amount By A Preponderance Of The Evidence

40. Based upon the foregoing, because Plaintiff seeks to recover economic damages, attorney's fees, emotional distress damages, and punitive damages, and Plaintiff's claims for attorney's fees, emotional distress, and punitive damages independently easily exceed $75,000, a preponderance of the evidence demonstrates that the amount in controversy is this case is well in excess of $75,000 and thus is sufficient to establish this Court's original jurisdiction under 28 U.S.C. §1332(a)

## VII. THIS NOTICE OF REMOVAL IS TIMELY

41. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30 day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period).

42. Plaintiff filed her Complaint on October 25, 2021. *See* Complaint. Service of the Summons and Complaint was not effectuated until November 3, 2021. Jassy Decl., ¶ 3. As such, because this matter is being removed within 30 days of service of the Summons and Complaint, this Notice of Removal is timely as a matter of law. *Murphy Bros., Inc.*, 526 U.S. at 354.

## VIII. WRITTEN NOTICE OF THIS REMOVAL IS PROMPTLY SERVED ON PLAINTIFF AND THE STATE COURT

43. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the California Superior Court, County of Sacramento. *See* Jassy Decl. ¶ 6.

///

///

///

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10   DEFENDANT'S NOTICE OF REMOVAL

4860-8026-6756.2 / 080000-4224

## IX. CONCLUSION

44. Based on the foregoing, this Court clearly has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and removal is therefore proper pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: December 3, 2021                      LITTLER MENDELSON P.C.


/s/ *Kara L. Jassy*
Kara L. Jassy
Dominique N. Thomas

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11                    DEFENDANT'S NOTICE OF REMOVAL

4860-8026-6756.2 / 080000-4224