Julian Burns King (Bar No. 298617)
julian@kingsiegel.com
Margaret Wright (Bar No. 312272)
margaret@kingsiegel.com
**KING & SIEGEL LLP**
724 South Spring Street, Suite 214
Los Angeles, California 90014
tel: (213) 465-4802
fax: (213) 289-2815

Attorneys for Plaintiff Hellen Owuor

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Hellen Owuor**, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **Wal-Mart Associates, Inc.**, a Delaware corporation; and **Does 1-10**, inclusive, <br><br> Defendants. | CASE NO. 2:21-CV-02232-KJM-JDP <br><br> Assigned to Hon. Kimberly J. Mueller for all purposes <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND** <br><br> [*Filed concurrently with Declaration of Margaret R. Wright*] <br><br> Date: February 11, 2022 <br> Time: 10:00 a.m. <br> Crtrm.: 3 <br><br> **Complaint filed:** October 25, 2021 <br> **Date removed:** December 3, 2021 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on February 11, 2022 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom Three of the above-entitled Court, located at 501 I Street, Sacramento, California 95814, Plaintiff Hellen Owuor ("Plaintiff") will move the Court for an Order, pursuant to 28 U.S.C. § 1477(c), remanding this action to the Superior Court for the County of Sacramento and granting attorneys' fees and costs to Plaintiff.

Plaintiff moves for remand on the grounds that:

1. Defendant Wal-Mart Associates, Inc. has failed to meet its burden in establishing that the amount in controversy in this case exceeds $75,000.00 for the purposes of diversity jurisdiction under 28 U.S.C. § 1332; and

2. No other basis for subject matter jurisdiction exists.

Plaintiff's Motion for remand is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, and such other and further evidence and argument, both written and oral, as may be presented to the Court before this Motion is submitted for decision.

Dated: January 3, 2022

Respectfully submitted,

**KING & SIEGEL LLP**

By: _____
Julian Burns King
Margaret R. Wright
Attorneys for Plaintiff Hellen Owuor

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. INTRODUCTION

Plaintiff Hellen Owuor ("Plaintiff" or "Ms. Owuor") has been an employee of Defendant Wal-Mart Associates, Inc. ("Defendant") since March 3, 2017. After Ms. Owuor took a pregnancy leave and returned to work in May 2019, Defendant continuously denied her adequate accommodations to pump breast milk and ignored her complaints about the same. Defendant then began writing Ms. Owuor up in retaliation for her complaints and ultimately forced her to take a demotion from Pharmacy Manager to floater Pharmacist in March 2020.

After filing her Complaint in the Sacramento County Superior Court on October 25, 2021, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b), alleging diversity jurisdiction under 28 U.S.C. § 1332. However, Defendant has failed to meet its burden of establishing, by a preponderance of the evidence, that the amount in controversy requirement of 28 U.S.C. § 1332 has been met. As such, Plaintiff respectfully requests that this Court remand the action to the Sacramento County Superior Court pursuant to 28 U.S.C. § 1447(c).

## B. PROCEDURAL BACKGROUND

Ms. Owuor filed her Complaint against Defendant in the Sacramento County Superior Court on October 25, 2021, alleging that Defendant discriminated against her on the basis of her sex and pregnancy, interfered with her rights under the California Family Rights Act and Pregnancy Disability Leave Law, failed to accommodate her, and wrongfully demoted her. On December 3, 2021, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b).[1] The only jurisdictional basis alleged by Defendant is diversity jurisdiction under 28 U.S.C. § 1332.

## C. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary

---

[1] This Motion to Remand is timely pursuant to 28 U.S.C. § 1447(c).

rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). If at any time before final judgment it appears that a district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

Where jurisdiction is founded on diversity, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. This amount must be determined based on the pleadings at the time of removal. *Provincial Govt. of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1085 n.5 (9th Cir. 2009).

The removing defendant bears the burden of establishing federal jurisdiction, including the amount in controversy requirement. *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). If the jurisdictional amount in controversy is not facially apparent from the complaint, the court must look beyond the facts of the complaint and apply a preponderance of the evidence standard; in other words, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount'"). However, "[c]onclusory allegations as to the amount in controversy are insufficient." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) (a removing defendant may not establish federal jurisdiction "by mere speculation and conjecture, [or] with unreasonable assumptions").

District courts have broad discretion in determining whether a case should be remanded based on a defendant's failure to make the requisite showing. *See Cf. Kloeb v. Armour Co.*, 311 U.S. 199, 204 (1940). Further, "[t]he removal statute is strictly

construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *Provincial Govt. of Marinduque*, 582 F.3d at 1087; *see also Lindley Contours, LLC v. AAB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) ("[t]here is a 'strong presumption against removal jurisdiction'") (*quoting Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992)). Therefore, if there is "*any doubt* as to the right of removal in the first instance," remand must be ordered. *Gaus*, 980 F.2d at 566 (emphasis added).[2]

## D. **DEFENDANT FAILS TO MEET ITS BURDEN TO ESTABLISH THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

Ms. Owuor did not plead a specific amount in damages in her Complaint. *See* Prayer for Relief ¶¶A-F. Because the amount in controversy is not facially apparent from the Complaint, Defendant bears the burden of proving, by a preponderance of the evidence, that the jurisdictional amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant's burden is particularly stringent because of the "strong presumption" against removal jurisdiction. *Lindley Contours,* 414 F. App'x at 64 (*quoting Gaus*, 980 F.2d at 566).

Defendant does not meet this stringent burden. The only evidence as to the jurisdictional amount in controversy is Plaintiff's lost wages. Defendant has calculated these lost wages to be only $12,000, a fraction of the minimum amount in controversy required by 28 U.S.C. § 1332. Notice of Removal ("NOR") at 6:25.

Defendant has failed to provide *any* evidence of potential damages above this $12,000 estimation. Instead, its Notice of Removal merely includes the conclusory allegations that "Plaintiff's claim for emotional distress damages alone places **over**

---

[2] Further, remand orders based on lack of subject matter jurisdiction are not appealable. 28 U.S.C. § 1447(d); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995) ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)").

3
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

**$75,000** in controversy," "Plaintiff's demand for attorneys' fees further increases the amount in controversy to an amount, more likely than not, that **exceeds $75,000**," and "Plaintiff's claim for punitive damages alone places **at least $75,000** in controversy." NOR at 7:25, 9:5-6, 9:27-28 (emphasis in original). These conclusory allegations are completely unsupported, other than by Defendant's citations to trial verdicts in race discrimination and failure-to-promote cases which are not analogous, and a 2014 case out of the Southern District of Idaho which states that a plaintiff's punitive damages "*might*" exceed the jurisdictional minimum. NOR at 7:11-20, 9:24-25 (citing cases).

Defendant's unsupported speculations regarding potential emotional distress damages, attorneys' fees, and punitive damages do not amount to "evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Sanchez,* 102 F.3d at 404; *see also Ibarra*, 775 F.3d at 1197-98 (a removing defendant may not establish federal jurisdiction "by mere speculation and conjecture"). Instead, they amount only to "[c]onclusory allegations" which are "insufficient" to establish diversity jurisdiction. *Corral,* 878 F.3d at 774; *see also Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1996, 1998 (N.D. Cal. 1998) ("A speculative argument regarding the potential value of the award is insufficient").

Moreover, district courts have discretion to decline to consider these speculative damages or fees when determining the amount in controversy for jurisdictional purposes. *See, e.g., Chavez v. JPMorgan Chase*, 888 F.3d 413, 416 (9th Cir. 2018) ("[t]he amount in controversy *may* include 'damages (compensatory, punitive, or otherwise)'") (emphasis added) (*quoting Gonzales v. CarMax Auto Superstores, LLC* 840 F.3d 644, 648-49 (9th Cir. 2016)); *see also, e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785,795 (9th Cir. 2018) ("district courts are well equipped to determine whether defendants have carried their burden of proving future attorneys' fees, and to determine when a fee estimate is too speculative because of the likelihood of a prompt settlement"); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK(RAOx), 2019 U.S.

Dist. LEXIS 4254, at *3 (C.D. Cal. Jan. 8, 2019) (holding that prospective attorneys' fees were too speculative to be included in the amount in controversy); *Zhao v. Relayrides, Inc.*, No. 17-cv-04099-JCS, 2018 U.S. Dist. LEXIS 76988, at *4 (N.D. Cal. May 7, 2018) ("where a damages estimate is based on assumptions that have no evidentiary support in the record, the estimate may be insufficient to establish that the amount-in-controversy requirement is met"). For instance, if Defendant settles this case in short order, attorneys' fees incurred until that point would be far less than the minimum jurisdictional amount. Likewise, as the parties have not yet engaged in any discovery, Defendant has no evidence that Ms. Owuor "suffered heightened mental anguish," which would support a "substantial jury award[] . . . for non-economic damages." NOR at 7:22-24 (citing *Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004).

Therefore, Defendant fails to meet its burden of establishing, by a preponderance of the evidence, that the jurisdictional amount in controversy exceeds $75,000.00.

### E.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court remand this case to the Sacramento County Superior Court pursuant to 28 U.S.C. § 1447(c).

Dated: January 3, 2022

Respectfully submitted,

**KING & SIEGEL LLP**

By: _____
Julian Burns King
Margaret R. Wright
Attorneys for Plaintiff Hellen Owuor

# CERTIFICATE OF SERVICE

# STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Josue Avila, hereby state that I am over the age of 18 and not a party to this action. I am employed in and a resident of the county where service occurred, and my business address is 724 S. Spring Street, Suite 201, Los Angeles, California 90014.

On January 3, 2022, I caused to be served the following documents described as **Plaintiff's Notice of Motion and Motion to Remand** on the interested parties in this action as follows:

**[X] TO BE SERVED VIA EMAIL**

Kara L. Jassy
kjassy@littler.com
LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Tel. : 213.443.4300
Fax : 213.443.4299

Dominique N. Thomas
dnthomas@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Tel. : 925.932.2468
Fax : 925.946.9809

Attorneys for Defendant Wal-Mart Associates, Inc.

I declare under penalty of perjury that the above is true and correct.

Executed on January 3, 2022, at Los Angeles, California.

\_\_\_*Josue Avila*\_\_\_
Josue Avila