UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hellen Owuor, | No. 2:21-cv-02232-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Wal-Mart Associates, Inc., | |
| Defendant. | |

Plaintiff Hellen Owuor brought this gender and pregnancy discrimination lawsuit against her employer, defendant Wal-Mart Associates, Inc., in Sacramento County Superior Court. Wal-Mart timely removed to this court, invoking the court's diversity jurisdiction. Ms. Owuor moved for remand, arguing Wal-Mart fails to establish the amount in controversy exceeds $75,000. As explained below, the court finds Wal-Mart has established it is more likely than not the amount in controversy exceeds $75,000; the court therefore **denies** Ms. Owuor's motion.

**I.   BACKGROUND**

Ms. Owuor has worked as a pharmacist for Wal-Mart since March 2017. *See* Compl. ¶ 8, Jassy Decl. Ex. A, ECF No. 1-2. She was promoted to pharmacy manager in August 2017. *Id.* ¶ 9. Ms. Owuor learned she was pregnant in March 2018, and she began her pregnancy leave in November 2018. *Id.* ¶¶ 10, 12.

/////

1

1    Upon Ms. Owuor's return from pregnancy leave, she encountered various problems
2 related to her efforts to pump breast milk at work. She often had trouble finding a place to pump,
3 which she sought to do every two hours as recommended by her doctors. *Id.* ¶¶ 13, 18. Wal-
4 Mart managers directed Ms. Owuor to pump in two non-private spaces: the "immunization room"
5 in the pharmacy department and the assistant managers' office in the back of the store. *See id.*
6 ¶¶ 14, 16–17. Ms. Owuor could only use the immunization room when it was not otherwise in
7 use, *id.* ¶ 16, and the office was regularly busy and otherwise locked, *id.* ¶¶ 17–18. Managers
8 were often slow in responding to Ms. Owuor's requests to access the office. *See, e.g.*, *id.* ¶¶ 18,
9 29. When Ms. Owuor raised these issues, her calls for better access and privacy were mostly
10 ignored or treated with hostility. *See, e.g.*, *id.* ¶¶ 19–23, 32, 34–35.
11    Ms. Owuor also alleges Wal-Mart failed to respect her privacy. The immunization room
12 where Ms. Owuor was directed to pump had a glass door facing the pharmacy department, and
13 pharmacy staff could see into the room. *Id.* ¶ 17. When Ms. Owuor pumped in the office, Wal-
14 Mart's managers walked in on her "approximately every other day." *Id.* ¶ 24. After months of
15 pumping breast milk in the office, Ms. Owuor also learned of a surveillance camera in the room.
16 *Id.* ¶ 27.
17    These problems, among others, compromised Ms. Owuor's ability to do her job. *See id.*
18 ¶ 30. After a series of write-ups, Ms. Owuor was demoted. *See id.* ¶¶ 31–38. This demotion
19 resulted in Ms. Owuor's making $4.00 less per hour and working reduced hours. *Id.* ¶ 38. It also
20 resulted in Ms. Owuor's losing her eighty hours of paid time off, unlike other employees who had
21 been demoted. *See id.* ¶¶ 39–40.
22    Ms. Owuor sued Wal-Mart alleging various forms of discrimination and retaliation. *See*
23 *generally* Compl. Ms. Owuor seeks, as relevant here, lost wages, attorneys' fees, emotional
24 distress damages, and punitive damages. *See generally id.* As noted, Wal-Mart timely removed
25 to this court. *See* Not. Removal, ECF No. 1. Ms. Owuor timely moved to remand, arguing this
26 court lacks subject matter jurisdiction because less than $75,000 is at issue in this lawsuit. *See*
27 /////
28 /////

1  *generally* Mot. Remand, ECF No. 6.  The court received full briefing and submitted the matter
2  without oral argument.  *See* Opp'n, ECF No. 7; Reply, ECF No. 10; Min. Order, ECF No. 9.[1]

## II.   LEGAL STANDARD

A motion to remand is the proper procedure to challenge a removal based on lack of jurisdiction.  *See* 28 U.S.C. § 1447(c).  Removal is proper when (1) the case presents a federal question, or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

The amount in controversy is an "estimate of the total amount in dispute."  *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted).  In this circuit, when the amount of damages is unspecified, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional amount].").  To determine if the amount in controversy is met, the district court considers the complaint, allegations in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy," *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citation omitted); *see also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (clarifying amount in controversy not limited to amount at time of removal, at least with respect to future attorneys' fees), as well as evidence filed in opposition to the motion to remand, *Lenau v. Bank of Am., N.A.*, 131 F. Supp. 3d 1003, 1005 (E.D. Cal. 2015) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (per curiam)).

---

[1] In connection with these submissions, both parties request that the court take judicial notice of various publicly available legal documents.  *See* Def.'s Req. Judicial Notice, ECF No. 8; Pl.'s Req. Judicial Notice, ECF No. 11.  Both requests are unopposed.  Both requests are granted. *See Intri–Plex Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute." (internal citation & quotation marks omitted)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

## III. DISCUSSION

Ms. Owuor does not specify an amount of damages in her complaint. Wal-Mart must therefore show it is more likely than not that the total amount in dispute exceeds $75,000. *See Sanchez*, 102 F.3d at 404. Wal-Mart bases its amount-in-controversy calculation on Ms. Owuor's claims for (1) lost wages, (2) attorneys' fees, (3) emotional distress damages, and (4) punitive damages. *See generally* Not. Removal; Opp'n. Ms. Owuor does not dispute Wal-Mart's assertion that her lost wages amount to $12,000, *see* Not. Removal at 7; Mot. Remand at 5; Reply at 2–5, and the court accepts that figure for present purposes. The court next addresses attorneys' fees before turning to Ms. Owuor's alleged damages.

### A. Attorneys' Fees

"[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citation omitted). Most of Ms. Owuor's claims are brought under the California Fair Employment and Housing Act, which provides that "[i]n actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs." Cal. Gov't Code § 12965(b).

"A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)). The estimated attorneys' fees must simply be reasonable. *Id.* "The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Sasso v. Noble Utah Long Beach, LLC*, No. 14-09154, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (internal quotation marks omitted).

Wal-Mart asserts $30,000 is a reasonable estimate of attorneys' fees in this single-plaintiff pregnancy discrimination case. *See* Opp'n at 8 (calculating $300 per hour x 100 hours); Not. Removal ¶¶ 33–37 (citing cases). The court agrees. *Cf., e.g., Sasso*, 2015 WL 898468, at *5 (finding $300 per hour is "a reasonable rate for employment cases" and "100 hours is an

appropriate and conservative estimate" of the time required for employment cases); *Stainbrook v. Target Corp.*, No. 16-00090, 2016 WL 3248665, at *5 (C.D. Cal. June 8, 2016) (using $30,000 as a "conservative estimate" where defendant did not introduce specific evidence of attorneys' fees in an employment discrimination case); *Alvarez v. Interstate Hotels, LLC*, No. 21-807684, 2019 WL 77133, at *3 (C.D. Cal. Jan. 2, 2019) (using the "reasonable estimate" of $31,107 in attorneys' fees in a single-plaintiff employment discrimination case); *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 15-04035, 2015 WL 4554336, at *3 n.6 (C.D. Cal. July 27, 2015) (collecting state-court, single-plaintiff pregnancy discrimination cases where attorney's fee awards amounted to $84,000, $249,345, and $160,050).

Accepting Wal-Mart's reasonable attorneys' fees calculation, the value of Ms. Owuor's claims for lost wages and attorneys' fees amounts to $42,000. The remaining question, then, is whether Ms. Owuor's damages amount to more than $33,000. If so, this case satisfies the jurisdictional minimum.

**B.    Damages**

Ms. Owuor seeks emotional distress damages and punitive damages. *See* Compl. at 26 & ¶ 95. Emotional distress damages may be considered in determining the amount in controversy. *See Kroske*, 432 F.3d at 980; *see also Hankins v. Am. Med. Response Ambulance Serv., Inc.*, No. 16-01046, 2018 WL 339062, at *4 (E.D. Cal. Jan. 9, 2018) (analogizing to other discrimination cases and noting in "cases alleging similar harassment and retaliation claims, emotional distress damages alone often well exceed $75,000"). Punitive damages may also be considered when they are recoverable under one or more of plaintiff's claims for relief. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Most of Ms. Owuor's claims are brought under FEHA, and punitive damages are recoverable for FEHA violations. *See Commodore Home Systems, Inc. v. Superior Court*, 32 Cal. 3d 211, 220–21 (1982) ("[I]n a civil action under the FEHA, all relief generally available in noncontractual actions, including punitive damages, may be obtained."); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (considering punitive damages towards amount in controversy in FEHA case).

/////

To establish probable emotional distress and punitive damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts. *See Kroske*, 432 F.3d at 980 (noting "district court properly considered . . . emotional distress damage awards in similar age discrimination cases"); *Simmons*, 209 F. Supp. 2d at 1033. Such cases are probative if they are "factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

Wal-Mart highlights several California cases involving lactation accommodation or pregnancy discrimination in which emotional distress and punitive damages awards far exceeded $33,000. *See* Opp'n at 6–7; *see also generally* Def.'s Req. Jud. Not. These cases are not perfectly analogous: They all, for example, involve wrongful termination claims. *See, e.g.*, *Gilman-Veronese v. Lucasfilm Ltd*, Def.'s Req. Jud. Not. Ex. D. But they are sufficiently similar to serve as benchmarks: They all involve lactation accommodation or pregnancy discrimination, *see, e.g.*, *Wrysinski v. Agilent Tech., Inc.*, Def.'s Req. Jud. Not. Ex. A (upholding jury award of $117,000 in non-economic damages and $3,854,320 in punitive damages to plaintiff who suffered pregnancy-related discrimination and retaliation at work), and some involve adverse employment actions and financial and emotional injury caused by pregnancy discrimination in violation of FEHA, *see, e.g.*, *Hagan v. Archdiocese of Los Angeles* Jury Award, Def.'s Req. for Judicial Notice Ex. F (jury award of $600,000 in pain-and-suffering damages and $450,000 in punitive damages to plaintiff who was harassed, discriminated against, and wrongfully terminated because of pregnancy). Courts often require far less at this stage. *See, e.g.*, *Simmons*, 209 F. Supp. 2d at 1033–34.

Wal-Mart has shown it is more likely than not that emotional distress damages and punitive damages put more than $33,000 in controversy. Taken together with the $42,000 from Ms. Owuor's claims for lost wages and attorneys' fees, Wal-Mart has met its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold at the time of removal.

/////

## IV. CONCLUSION

Ms. Owuor's motion for remand in **denied**.

This order resolves ECF No. 6.

IT IS SO ORDERED.

DATED: May 24, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE