1  oscJulian Burns King (Bar No. 298617)
   julian@kingsiegel.com
2  Margaret R. Wright (Bar No. 312272)
   margaret@kingsiegel.com
3  KING & SIEGEL LLP
   724 South Spring Street, Suite 201
4  Los Angeles, California 90014
   Tel:    (213) 465-4802
5  Fax:    (213) 289-2815

6  Attorneys for Plaintiff
   HELLEN OWUOR
7
   Kara L. Jassy, Bar No. 198846
8  kjassy@littler.com
   LITTLER MENDELSON, P.C.
9  633 West 5th Street, 63rd Floor
   Los Angeles, California 90071
10 Telephone:   213.443.4300
   Fax No.:     213.443.4299
11
   Nathaniel H. Jenkins, Bar No. 312067
12 njenkins@littler.com
   LITTLER MENDELSON, P.C.
13 500 Capitol Mall, Suite 2000
   Sacramento, California 95814
14 Telephone:   916.830.7200
   Fax No.:     916.561.0828
15
   Attorneys for Defendant
16 WAL-MART ASSOCIATES, INC.

17
18                     UNITED STATES DISTRICT COURT

19                     EASTERN DISTRICT OF CALIFORNIA

20

21 | Hellen Owuor, an individual, | Case No. 2:21-CV-02232-KJM-JDP |
|---|---|
| Plaintiff, | **STIPULATION TO MODIFY THE SCHEDULING ORDER; ORDER** |
| v. | |
| Wal-Mart Associates, Inc., a Delaware corporation; and Does 1-10, inclusive, | Complaint Filed:   October 25, 2021 |
| Defendant. | |

**TO THE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Hellen Owuor ("Plaintiff"), and Defendant Wal-Mart Associates, Inc. ("Defendant") (collectively, the "Parties") by and through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, on June 2, 2022, this Court held a Scheduling Conference at which the following dates were set:

Deadline to complete fact discovery: March 15, 2023;

Deadline to complete expert disclosures: April 7, 2023;

Deadline to exchange rebuttal expert witnesses: April 28, 2023;

Deadline to complete expert discovery: May 19, 2023

Deadline to hear all dispositive motions: June 23, 2023

See Dkt. 16.

WHEREAS, in June 2022, the Parties began discussing engaging in a private mediation, which was eventually scheduled for February 2023;

WHEREAS, in light of the mediation being scheduled for February 2023, the Parties mutually agreed to stay discovery, in order to focus time and resources on a potential settlement of the case;

WHEREAS, given this mutually-agreed discovery stay, neither Party responded to written discovery or took depositions of any witnesses prior to the mediation;

WHEREAS, the Parties engaged in private mediation on February 24, 2023; however, the mediation was unsuccessful, and the Parties began to engage in written discovery efforts and schedule depositions;

WHEREAS; in light of the deadlines in the scheduling order at the time, the Parties submitted a joint stipulation and [Proposed] Order to continue the discovery deadlines on March 14, 2023 (at Dkt. 21); however, the Court never issued an Order on the stipulation, and instead referred this matter to a settlement conference with Magistrate Judge Peterson (Dkt. 22), which has since been scheduled for August 30, 2023. (Dkt. 23).

///

WHEREAS, the Parties have diligently pursued discovery efforts (despite the discovery deadlines in the current scheduling order in hopes the Court will continue same); however, one of Defendant's counsel had to take an unexpected, emergency leave of absence to care for an immediate family member who had suffered a stroke, which has unfortunately caused delays in the Parties' discovery efforts and their ability to prepare dispositive motion(s);

WHEREAS, neither Party will be prejudiced by a continuance of the scheduling order;

WHEREAS, in light of the foregoing, the Parties contend that judicial economy is best served if the Parties continue the current scheduling order, specifically the discovery and dispositive motion deadlines, to allow the Parties a meaningful opportunity to engage in discovery prior to the August 30 settlement conference, and as well as provide time to prepare dispositive motions which could narrow the issues for and/or negate the need for a trial.

WHEREAS, good cause exists to modify the Court's scheduling Order as follows:

The district court is given broad discretion in supervising the pretrial phase of litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing summary judgment motion after pretrial motion cut-off date). To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson, supra,* 975 F.2d at 609; *see e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings). Here, the Parties contend that there is good cause as set forth above.

///

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their counsel of record, that the following deadlines be continued as follows:

Deadline to complete fact discovery: October 13, 2023;

Deadline to complete expert disclosures: November 3, 2023;

Deadline to exchange rebuttal expert witnesses: November 17, 2023;

Deadline to complete expert discovery: December 8, 2023; and

Deadline to hear all dispositive motions: January 26, 2024.

**IT IS SO STIPULATED.**

Dated:  July 7, 2023                                      KING & SIEGEL, LLP

                                                          */s/ Margaret W. Right (as approved on 7/7/23)*
                                                          JULIAN BURNS KING
                                                          MARGARET W. WRIGHT
                                                          Attorney for Plaintiff
                                                          HELLEN OWUOR

Dated: July 7, 2023                                       LITTLER MENDELSON, P.C.

                                                          */s/Nathaniel H. Jenkins*
                                                          KARA L. JASSY
                                                          NATHANIEL H. JENKINS
                                                          Attorneys for Defendant
                                                          WAL-MART ASSOCIATES, INC.

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  July 11, 2023.

                                                          _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE