Julian Burns King (Bar No. 298617)
julian@kingsiegel.com
Andrea Obando (Bar No. 312640)
andrea@kingsiegel.com
**KING & SIEGEL LLP**
724 South Spring Street, Suite 214
Los Angeles, California 90014
tel:  (213) 465-4802
fax: (213) 289-2815

Attorneys for Plaintiff Hellen Owuor

Kara L. Jassy, Bar No. 198846
kjassy@littler.com
Nathaniel Jenkins, Bar No. 312067
njenkings@littler.com
LITTLER MENDELSON P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone:  213.443.4300
Fax No.:     213.443.4299

Attorneys for Defendant Wal-Mart Associates, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Hellen Owuor**, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>**Wal-Mart Associates, Inc.**, a Delaware corporation; and **Does 1-10**, inclusive,<br><br>        Defendants. | CASE NO. 2:21-CV-02232-KJM-JDP<br><br>Assigned to Hon. Kimberly J. Mueller for all purposes<br><br>**STIPULATION TO MODIFY SCHEDULING ORDER**<br><br>Complaint filed:    October 25, 2021<br>Date removed:      December 3, 2021 |

1

Stipulation to Modify Scheduling Order

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Hellen Owuor ("Plaintiff") and Defendant Wal-Mart Associates, Inc ("Defendant") collectively ("the Parties") by and through their counsel of record hereby submit the following Joint Stipulation to Continue the Settlement Conference:

WHEREAS, on September 6, 2023, this Court granted the Parties Stipulated request to continue the scheduling order, which set the following dates:

Deadline to complete fact discovery: March 1, 2024;

Deadline to complete expert disclosures: March 22, 2024;

Deadline to exchange rebuttal expert witnesses: April 5, 2024;

Deadline to complete expert discovery: April 26, 2024; and

Deadline to hear all dispositive motions: June 7, 2024.

*See* Dkt. 34.

WHEREAS, in June 2022, the Parties began discussing engaging in a private mediation, which was eventually scheduled for February 2023;

WHEREAS, in light of the mediation being scheduled for February 2023, the Parties mutually agreed to stay discovery, in order to focus time and resources on a potential settlement of the case;

WHEREAS, given this mutually-agreed discovery stay, neither Party responded to written discovery or took depositions of any witnesses prior to the mediation;

WHEREAS, the Parties engaged in private mediation on February 24, 2023; however, the mediation was unsuccessful, and the Parties began to engage in written discovery efforts and schedule depositions;

WHEREAS, in light of an unplanned, emergency absence for Defendants' counsel, the Parties entered into a stipulation to modify the Scheduling Order on July 7, 2023 (ECF No. 27), which the Court granted on July 12, 2023 (ECF No. 28);

WHEREAS, the Parties have diligently pursued discovery efforts (despite the

discovery deadlines in the current scheduling order in hopes the Court will continue same); however, one of Defendant's counsel had to take an unexpected, emergency leave of absence to care for an immediate family member who had suffered a stroke, which has unfortunately caused delays in the Parties' discovery efforts and their ability to prepare dispositive motion(s);

WHEREAS, in light of the foregoing, the Parties entered a stipulation to modify the scheduling order on August 31, 2023 (ECF No. 33), which the Court granted on September 6, 2023 (ECF No. 34);

WHEREAS, the Parties attended an informal discovery conference with Magistrate Judge Peterson on November 16, 2023;

WHEREAS, the Parties continue to meet and confer as to ongoing discovery disputes and deposition scheduling;

WHEREAS, the Parties are scheduled for a Mandatory Settlement Conference on March 12, 2023;

WHEREAS, the Parties wish to focus their efforts on the discovery necessary in advance of the Mandatory Settlement Conference;

WHEREAS, neither Party will be prejudiced by a continuance of the scheduling order;

WHEREAS, counsel for Plaintiff has two matters scheduled for trial in March and April that will impact the availability of counsel for depositions and other discovery-related matters;

WHEREAS, in light of the foregoing, the Parties contend that judicial economy is best served if the Parties continue the current scheduling order, specifically the discovery and dispositive motion deadlines, to allow the Parties a meaningful opportunity to engage in discovery, resolve discovery disputes without the Court's intervention, and provide time to prepare dispositive motions which could narrow the issues for and/or negate the need for a trial; and

WHEREAS, good cause exists to modify the Court's scheduling Order as follows:

The district court is given broad discretion in supervising the pretrial phase of litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing summary judgment motion after pretrial motion cut-off date). To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson, supra,* 975 F.2d at 609; *see e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings). Here, the Parties contend that there is good cause as set forth above.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their counsel of record, that the following deadlines be continued as follows:

Deadline to complete fact discovery: September 6, 2024;

Deadline to complete expert disclosures: September 27, 2024;

Deadline to exchange rebuttal expert witnesses: October 11, 2024;

Deadline to complete expert discovery: November 1, 2024; and

4

Stipulation to Modify Scheduling Order

Deadline to hear all dispositive motions: December 13, 2024.

**IT IS SO STIPULATED.**

Dated: February 8, 2024                                              Respectfully submitted,

                                               **KING & SIEGEL LLP**

By: */s/ Andrea Obando*
     Julian Burns King
     Andrea Obando
     Attorneys for Plaintiff Hellen Owuor

Dated: February 8, 2024                                              **LITTLER MENDLESON, P.C.**

By: */s/ Nathaniel Jenkins*
     Kara L. Jassy
     Nathaniel Jenkins
     Attorneys for Defendants
     Wal-Mart Associates, Inc.

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 26, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE